1  Mark E. Ellis - 127159
   Andrew M. Steinheimer - 200524
2  Amanda N. Griffith - 288164
   ELLIS LAW GROUP, LLP
3  740 University Avenue, Suite 100
   Sacramento, CA  95825
4  Tel: (916) 283-8820
   Fax: (916) 283-8821
5  mellis@ellislawgrp.com
   asteinheimer@ellislawgrp.com
6  agriffith@ellslawgrp.com

7  Attorneys for Defendant
   BRIDGEPORT FINANCIAL, INC.

8

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO

13  TARA WIDMER, an individual, on behalf of       Case No.:
    herself,
14                                                 San Francisco County Case No.:  CGC-13-534114
             Plaintiff,
15                                                 **NOTICE OF REMOVAL OF ACTION TO
    v.                                             FEDERAL COURT**
16
    BRIDGEPORT FINANCIAL, INC.; ROGER O.
17  YOUNG; and DOES 1 through 50, inclusive,

18           Defendants.

19

20       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21       PLEASE TAKE NOTICE that Defendant BRIDGEPORT FINANCIAL, INC. hereby removes

22  to this Court the state court action described below:

23       1.      On or about September 10, 2013, an action was commenced in Superior Court, State of

24  California, County of San Francisco, entitled TARA WIDMER, Plaintiff, v. BRIDGEPORT

25  FINANCIAL, INC. and ROGER O. YOUNG, Defendants, as case number CGC-13-534114.

26       2.      The complaint was served on the Defendants on September 13, 2013.  A copy of the

27  complaint is attached hereto as **Exhibit A**.

28       3.      This Court has jurisdiction to hear this case because this action is a civil action of which

                                           - 1 -

this Court has original jurisdiction under 28 U.S.C. section 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. section 1441(b) in that it arises under the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*.

Dated: October 11, 2013

ELLIS LAW GROUP, LLP

By
Amanda N. Griffith
Attorney for Defendant
BRIDGEPORT FINANCIAL, INC.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

# EXHIBIT A

NO SUMMONS ISSUED

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

SEP 10 2013

CLERK OF THE COURT
BY: ROSSALY DE LA VEGA
Deputy Clerk

1  GUTRIDE SAFIER LLP
   ADAM J. GUTRIDE (State Bar No. 181446)
2  SETH A. SAFIER (State Bar No. 197427)
   KRISTEN SIMPLICIO (State Bar No. 263291)
3  MARIE A. MCCRARY (State Bar No. 262670)
4  835 Douglass Street
   San Francisco, California 94114
5  Telephone: (415) 336-6545
   Facsimile:  (415) 449-6469
6
7  Attorneys for Plaintiff

8
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                   CITY AND COUNTY OF SAN FRANCISCO
10
11                                              CASE NO. CGC-13-534714
   TARA WIDMER, an individual, on behalf of herself,
12                                              CASE NO.
        Plaintiff,
13                                              UNLIMITED CIVIL CASE

14           v.                                 COMPLAINT FOR VIOLA-
                                                TION OF THE CALIFORNIA
15                                              PENAL CODE §§ 631, 632; VI-
   BRIDGEPORT FINANCIAL, INC.; ROGER O. YOUNG;  OLATION OF THE FAIR DEBT
16 and DOES 1 through 50, inclusive,            COLLECTION PRACTICES
                                                ACT, 15 USC § 1692, ET SEQ.;
17      Defendants.                             VIOLATION OF THE ROSEN-
                                                THAL FAIR DEBT COLLEC-
18                                              TIONS PRACTICES ACT,
                                                CALIFORNIA CIVIL CODE §
19                                              1788, ET SEQ; UNFAIR BUSI-
20                                              NESS PRACTICES; VIOLA-
                                                TION OF CALIFORNIA CIVIL
21                                              CODE § 1708.8; INVASION OF
                                                PRIVACY, CALIFORNIA
22                                              CONSTITUTION ARTICLE I,
23                                              SECTION I; AND UNLAWFUL
                                                INTRUSION INTO PRIVATE
24                                              AFFAIRS
25                                              JURY TRIAL DEMANDED
26
27
28

-1-

Complaint



1   Tara Widmer, by and through her counsel, brings this Complaint against Defendants for

2   violation of California Penal Code §§ 631, 632; violation of the Fair Debt Collection Practices

3   Act, 15 U.S.C. § 1692, *et seq.*; violation of the Rosenthal Fair Debt Collections Practices Act,

4   California Civil Code § 1788, *et seq.*; violations of California Business and Professions Code §

5   17200, *et seq.*; violation of California Civil Code § 1708.8; invasion of privacy, California

6   Constitution, Article I, Section I; and unlawful intrusion into private affairs, also known as

7   common law invasion of privacy. The following allegations are based upon information and

8   belief, including the investigation of Plaintiff's counsel, unless stated otherwise.

9                                    <u>INTRODUCTION</u>

10        1.      This case arises from Defendants' unlawful and unfair debt collection practices of

11  consumer debts. Specifically, in violation of state and federal law, Defendants: (1) intentionally

12  monitor and tape-record private telephone conversations with consumers about alleged debts

13  without first notifying the consumers and/or seeking their consent; and (2) systematically

14  continue to communicate with, and harass, consumers after they know that the consumer is

15  represented by an attorney with respect to the alleged debt.

16                                      <u>PARTIES</u>

17        2.      Tara Widmer ("Plaintiff") is, and at all times alleged in this Complaint was, an

18  individual and a resident of the City and County of San Francisco, California.

19        3.      Defendant Bridgeport Financial, Inc. ("Bridgeport Financial" or "BFI") is, and at

20  all times alleged in this Complaint was, a corporation incorporated under the laws of the State of

21  California, having its principal place of business in San Jose, California.

22        4.      Defendant Roger O. Young ("Young") is, and at all times alleged in this

23  Complaint was, a resident of California.

24        5.      The true names and capacities of Defendants sued as Does 1 through 50 inclusive

25  are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to

26  section 474 of the California Code of Civil Procedure. Plaintiff will seek leave of Court to amend

27  this Complaint when said true names and capacities have been ascertained.

28        6.      The Parties identified in paragraphs 3 through 5 of this Complaint are collectively

1  referred to hereafter as "Defendants" or "Bridgeport."

2       7.   At all times herein mentioned, each of the Defendants was the agent, servant,

3  representative, officer, director, partner or employee of the other Defendants and, in doing the

4  things herein alleged, was acting within the scope and course of her/her/its authority as such

5  agent, servant, representative, officer, director, partner or employee, and with the permission and

6  consent of each and all of the other Defendants.

7       8.   At all times herein mentioned, Defendants, and each of them, were members of,

8  and engaged in, a joint venture, partnership and common enterprise, and were acting within the

9  course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

10       9.   At all times herein mentioned, the acts and omissions of Defendants, and each of

11  them, concurred and contributed to the various acts and omissions of each and all of the other

12  Defendants in proximately causing the injuries and damages as herein alleged.

13       10.   At all times herein mentioned, Defendants, and each of them, ratified each and

14  every act or omission complained of herein. At all times herein mentioned, the Defendants, and

15  each of them, aided and abetted the acts and omissions of each and all of the other Defendants in

16  proximately causing the damages, and other injuries, as herein alleged.

17  **JURISDICTION AND VENUE**

18       11.   This action is brought by Plaintiff pursuant, *inter alia*, to the California Business

19  and Professions Code, section 17200, *et seq.* Plaintiff and Defendants are "persons" within the

20  meaning of California Business and Professions Code § 17201.

21       12.   The injuries, damages and/or harm upon which this action is based, occurred or

22  arose out of activities engaged in by Defendants within, and affecting, the State of California.

23       13.   Defendants have engaged, and continue to engage, in substantial and continuous

24  business practices in the State of California, including in the City and County of San Francisco.

25       14.   The telephone calls that are at issue in this dispute were unlawfully, unfairly and

26  deceptively made and tape-recorded and/or monitored by Defendants while Plaintiff was in the

27  City and County of San Francisco, California.

28       15.   Accordingly, Plaintiff alleges that jurisdiction and venue are proper in this Court.

-2-

Complaint

## SUBSTANTIVE ALLEGATIONS

### Defendants Are Debt Collectors

16.     Bridgeport Financial is a "full service" debt collection company.  Bridgeport Financial is in the business of collecting payments on debts owed by third-party individuals and/or businesses.  Bridgeport Financial specializes in the collection of medical-related debts.

17.     Bridgeport Financial states that its core business is "revenue recovery."  It further claims to be "experts in [the] field" and "have the processes and resources in place to collect debt fast and efficiently."

18.     Young is, and at all times alleged in this Complaint was, a principal and officer of Bridgeport.

### Defendants Continued to Contact Plaintiff After They Knew That She Was Represented, With Respect to The Alleged Debt, By An Attorney.

19.     In early 2012, Defendants began contacting Plaintiff, by phone (including her home and mobile) and mail, with regard to certain medical-related debt that they claim she owed.

20.     Shortly thereafter, Plaintiff retained an attorney to represent her with respect to the alleged medical-related debt.  Plaintiff then informed Defendants, on several occasions, that an attorney represented her with respect to the alleged debt.  She additionally provided to Defendants, on each occasion, the name and telephone number of her attorney.  Finally, she instructed Defendants, again on numerous occasions, to stop contacting her, and instead to contact her attorney.

21.     Defendants, however, ignored all of Plaintiff's requests, and continued to call her directly.  Plaintiff estimates that Defendants contacted her on at least a dozen occasions after she provided them with the name and phone number for her attorney.

22.     To the best of Plaintiff's knowledge, Defendants never called her attorney.

23.     For example, on July 24, 2013 at approximately 1:07 pm (the "July 24 Call"), Defendants' agent, giving the name "Vanessa," called Plaintiff to collect a debt.  Plaintiff again explained that she was represented by an attorney with regard to the alleged debt, again provided the name and phone number of her attorney, and again requested that Defendants contact only her

1   attorney. Defendants' agent refused. Instead, she insisted that Plaintiff had not "retained" an

2   attorney, and persisted to harass Plaintiff with regard to the alleged debt.

3        24.   Defendants' agent (Vanessa) called again on August 14, 2013 at approximately

4   12:44 pm (the "August 14 Call"). Plaintiff again requested that Defendants speak directly to her

5   attorney regarding the alleged debt.

6   **Defendants' Unlawfully Monitored And/Or Tape-Recorded Phone Calls To Plaintiff And**

7   **Those Similarly Situated.**

8        25.   When Defendants called Plaintiff to demand payment, unbeknownst to her, they

9   intentionally monitored, listened to, tape-recorded, eavesdropped onto and/or otherwise made an

10  unauthorized connection to the conversations that Plaintiff had with Defendants, without

11  informing her or receiving her consent.

12       26.   On August 14, Plaintiff learned of Defendants' illegal activities during one of

13  Defendants' debt collection calls to Plaintiff. On that call, one of Defendants' agents (Vanessa)

14  again called Plaintiff in an effort to collect a debt. Plaintiff again informed Vanessa that she was

15  represented by counsel. Plaintiff additionally suspected that she was being recorded so she

16  directly asked Defendants' agent (Vanessa) if she was being recorded. Vanessa answered "yes."

17  When Plaintiff then stated that Defendants appear to be violating two different laws, Defendants'

18  agent immediately hung up the telephone.

19       27.   This was not the first time that Plaintiff suspected that her call with Defendants

20  was being recorded. Indeed, on a number of other occasions, including on the July 24 Call,

21  Plaintiff thought she was being recorded due, in part, to the nature of the calls. Specifically,

22  Defendants' agents would wait a few moments after Plaintiff answered, and self-identified, before

23  her or she began speaking. At no prior time, however, had Defendants ever informed Plaintiff

24  that the calls were being monitored and/or recorded. Nor did Defendants seek Plaintiff's consent

25  for the monitoring and/or recording of the telephone calls.

26       28.   This was not an isolated incident. Rather, Plaintiff alleges that Defendants

27  intentionally and systematically monitor and/or record all of the calls they make to collect debts.

28                    **CAUSES OF ACTION**

-4-

## PLAINTIFF'S FIRST CAUSE OF ACTION
### (Invasion of Privacy, California Penal Code § 637.2)

29.   Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint as if set forth herein.

30.   Section 631(a) of the California Penal Code provides, in pertinent part:

Any person who& makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison, or by both a fine and imprisonment in the county jail or in the state prison.

31.   Section 632(a) of the California Penal Code provides:

Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding [$2,500], or imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment& "

32.   On the July 24 Call and the August 14 Call, and on many prior occasions, Defendants intentionally eavesdropped upon and/or recorded the confidential communications of Plaintiff without her knowledge or consent. Defendants accordingly violated §§ 631(a) and 632(a) of the California Penal Code.

33.   California Penal Code § 637.2(a) provides:

Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:  (1) Five thousand dollars ($5,000). (2) Three times the amount of actual damages, if any, sustained by the plaintiff.

34.   California Penal Code § 637.2(b) provides:

(b) Any person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin

-5-

1   and restrain any violation of this chapter, and may in the same action seek
    damages as provided by subdivision (a).

2   35.   As a direct and proximate result of Defendants' violation of California Penal Code

3   §§ 631(a) and 632(a), Plaintiff has suffered, and will continue to suffer, damages in an amount

4   which will be proven at trial, but which are in excess of the jurisdictional minimum of this Court.

5   Plaintiff is entitled to, at a minimum, statutory damages of $5,000.00 per incident.

6   36.   Pursuant to California Penal Code § 637.2(b), Plaintiff additionally seeks

7   injunctive relief restraining Defendants from violating §§ 631(a) and 632(a) of the California

8   Penal Code in the future.   Such misconduct by Defendants, unless and until enjoined and

9   restrained by order of this Court, will continue to cause injury in fact to the general public in that

10  the Defendants will continue to violate the laws of California, unless specifically ordered to

11  comply with the same. This expectation of future violations will require current and future

12  consumers to repeatedly and continuously seek legal redress.  Plaintiff has no other adequate

13  remedy at law to ensure future compliance with the laws alleged to have been violated herein.

14  PLAINTIFF'S SECOND CAUSE OF ACTION

15  (Violation of Fair Debt Collection Practices Act, 15 USC § 1692, *et seq.*)

16  37.   Plaintiff realleges and incorporates by reference the above paragraphs of this

17  Complaint as if set forth herein.

18  38.   Plaintiff is a "consumer" under 15 USC § 1692a since she is a natural person

19  allegedly obligated to pay debts to Defendants.

20  39.   Defendants are "debt collectors" under 15 USC § 1692a(6) and they use

21  instruments of interstate commerce in the mails and phones to collect alleged debts.

22  40.   Defendants are subject to the regulations and prohibitions of the Fair Debt

23  Collection Practices Act, 15 USC § 1692, *et seq.*

24  41.   Defendants violated 15 USC § 1692c generally and more specifically by

25  communicating with Plaintiff in connection with the collection of an alleged debt after

26  Defendants knew that Plaintiff was represented by an attorney with respect to such debt and had

27  knowledge of, or could have readily ascertained, such attorney's name and address, unless (i) the

28  consumer had given prior consent directly to Defendants, (ii) a court of competent jurisdiction

-6-

Complaint

1  had given express consent, (iii) the attorney failed to respond within a reasonable period of time
2  to a communication from the debt collector, and/or (iv) the attorney consented to direct
3  communication with the consumer.
4       42.   Defendants violated 15 USC § 1692d generally and more specifically in the
5  following manners: (a) by monitoring, listening to, tape-recording, eavesdropping and/or
6  otherwise making an unauthorized connection to the conversations that Plaintiff had with
7  Defendants without her knowledge and consent; and (b) by harassing, oppressing, or abusing (and
8  continue to harass, oppress or abuse) Plaintiff in connection with the collection of an alleged debt.
9       43.   Defendants violated 15 USC § 1692e generally and more specifically in the
10  following manners: (a) by monitoring, listening to, tape-recording, eavesdropping and/or
11  otherwise making an unauthorized connection to the conversations that Plaintiff had with
12  Defendants without her knowledge and consent; and (b) by using (and continue to use) false
13  representations or deceptive means to collect or attempt to collect an alleged debt or to obtain
14  information concerning a consumer.
15       44.   Defendants violated 15 USC § 1692f generally and more specifically in the
16  following manners: (a) by monitoring, listening to, tape-recording, eavesdropping and/or
17  otherwise making an unauthorized connection to the conversations that Plaintiff had with
18  Defendants without her knowledge and consent; and (b) by using (and continue to use) unfair or
19  unconscionable means to collect or attempt to collect an alleged debt.
20       45.   Plaintiff is entitled to her actual damages, reasonable attorneys' fees and costs
21  under 15 USC § 1692k, additional damages under 1692k(a)(2) of at least $1,000.00 per violation
22  and/or per letter or phone conversation, whichever is greater, and for additional damages as
23  deemed just by the Court.
24       46.   Defendants' actions and omissions set forth above were done persistently,
25  frequently and intentionally.
26       **PLAINTIFF'S THIRD CAUSE OF ACTION**
27  **(Violation of the Rosenthal Fair Debt Collections Practices Act, California Civil Code §**
     **1788, *et seq.*)**
28       47.   Plaintiff realleges and incorporates by reference the above paragraphs of this

1   Complaint as if set forth herein.

2       48.    The foregoing acts and omissions constitute unfair or deceptive and/or

3   unconscionable trade practices made unlawful pursuant to the California Rosenthal Fair Debt

4   Collection Act, Civil Code § 1788, *et seq.*

5       49.    Defendants violated Cal. Civil Code §1788.17, which requires "every debt

6   collector collecting or attempting to collect a consumer debt shall comply with the provisions of

7   Sections 1692b to 1692j" of Title 15 United States Code.  In particular, as detailed in the Second

8   Cause of Action, Defendants failed to comply with the provisions of 15 USC § 1692c, 15 USC §

9   1692d, 15 USC § 1692e, and 15 USC § 1692f.

10      50.    Defendants violated Cal. Civil Code §1788.10(a) by using, or threatening to use,

11  physical force or violence or any criminal means to cause harm to Plaintiff, or the reputation, or

12  the property of Plaintiff.  Defendants violated Cal. Civil Code §1788.10(a) by criminally

13  recording telephone calls in their collection (or attempts to collect) consumer debts.

14      51.    Defendants' acts as described above were done willfully and knowingly with the

15  purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

16  1812.702.

17      52.    Defendants' acts described above were done willfully and knowingly with the

18  purpose of coercing Plaintiff into repaying the alleged debt within the meaning of Cal. Civil Code

19  § 1788.30(b).

20      53.    As a direct and proximate result of Defendants' violation of California Civil Code

21  §§ 1788.17 and 1788.10(a), Plaintiff has suffered, and will continue to suffer, damages in an

22  amount which will be proven at trial, but which are in excess of the jurisdictional minimum of

23  this Court.  Plaintiff is entitled to, at a minimum, statutory damages of $1,000.00 per incident as

24  set forth in Civil Code §§1788.17 and 1788.30.

25             **PLAINTIFF'S FOURTH CAUSE OF ACTION**

26      **(Constructive Invasion of Privacy, California Civil Code § 1708.8)**

27      54.    Plaintiff realleges and incorporates the above paragraphs of this Complaint as if set

28  forth herein.

55.    California Civil Code section 1708.8(b) provides:

A person is liable for constructive invasion of privacy when the defendant attempts to capture, in a manner that is offensive to a reasonable person, any type of visual image, sound recording, or other physical impression of the plaintiff engaging in a personal or familial activity under circumstances in which the plaintiff had a reasonable expectation of privacy, through the use of a visual or auditory enhancing device, regardless of whether there is a physical trespass, if this image, sound recording, or other physical impression could not have been achieved without a trespass unless the visual or auditory enhancing device was used.

56.    California Civil Code section 1708.8(d) provides:

A person who commits any act described in subdivision (a), (b), or (c) is liable for up to three times the amount of any general and special damages that are proximately caused by the violation of this section. This person may also be liable for punitive damages, subject to proof according to Section 3294. If the plaintiff proves that the invasion of privacy was committed for a commercial purpose, the defendant shall also be subject to disgorgement to the plaintiff of any proceeds or other consideration obtained as a result of the violation of this section.

57.    California Civil Code section 1708.8(e) provides:

A person who directs, solicits, actually induces, or actually causes another person, regardless of whether there is an employer-employee relationship, to violate any provision of subdivision (a), (b), or (c) is liable for any general, special, and consequential damages resulting from each said violation. In addition, the person that directs, solicits, instigates, induces, or otherwise causes another person, regardless of whether there is an employer-employee relationship, to violate this section shall be liable for punitive damages to the extent that an employer would be subject to punitive damages pursuant to subdivision (b) of Section 3294.

58.    By its conduct, Defendant has knowingly and intentionally captured, on multiple occasions, in a manner that is offensive to a reasonable person, sound recordings of Plaintiff, engaging in a personal or familial activity, under circumstances in which Plaintiff had a reasonable expectation of privacy, through the use of an auditory enhancing device that could not have been achieved without a trespass unless the visual or auditory enhancing device was used.

59.    As a direct and proximate result of Defendants' violation of California Civil Code section 1708.8, et seq., Plaintiff has suffered, and continues to suffer, damages in an amount which will be proven at trial, but which are in excess of the jurisdictional minimum of this Court.

60.    Plaintiff is, pursuant to California Civil Code §§ 1708.8(d) and (e), entitled to actual, special and punitive damages and injunctive relief for the above-mentioned tortous acts of Defendants. Plaintiff is entitled to treble her actual and special damages.

61.    As a direct and proximate result of such actions, Defendants have enjoyed, and

1  continue to enjoy, significant financial gain in an amount which will be proven at trial, but which
2  is in excess of the jurisdictional minimum of this Court.
3      62.    Plaintiff seeks disgorgement of monies, as necessary and according to proof,
4  acquired by Defendants from her by means complained of herein, plus interest thereon.
5      63.    Pursuant to Civil Code § 1708.8(h), Plaintiff additionally seeks injunctive relief
6  restraining Defendants from violating California Civil Code § 1708.8, *et seq.* in the future.   Such
7  misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will
8  continue to cause injury in fact to the general public in that the Defendants will continue to
9  violate the laws of California, unless specifically ordered to comply with the same.  This
10  expectation of future violations will require current and future consumers to repeatedly and
11  continuously seek legal redress. Plaintiff has no other adequate remedy at law to ensure future
12  compliance with the California Civil Code alleged to have been violated herein.

**PLAINTIFF'S FIFTH CAUSE OF ACTION**
(Invasion of Privacy, California Constitution, Article I, Section I)

13
14
15      64.    Plaintiff realleges and incorporates the above paragraphs of this Complaint as if set
16  forth herein.
17      65.    As set forth above, Defendants monitored, listened to, tape-recorded,
18  eavesdropped onto and/or otherwise made unauthorized connections to the conversations that
19  Plaintiff had with Defendants.
20      66.    The above-mentioned conduct violated the California Constitution, Article I,
21  Section I because Defendants' conduct impacted on Plaintiff's legally protected privacy right.
22      67.    Plaintiff had a reasonable expectation of privacy in her telephone calls.
23  Defendants' invasion of the Plaintiff's privacy interest was (and is) serious.  Defendants have not
24  (and cannot) show a competing or countervailing interest to justify their invasion of Plaintiff's
25  privacy.
26      68.    As a direct and proximate result of Defendants' violation of California
27  Constitution, Article I, Section I, Plaintiff has suffered, and continues to suffer, damages in an
28  amount which will be proven at trial, but which are in excess of the jurisdictional minimum of

-10-

Complaint

this Court.

## PLAINTIFF'S SIXTH CAUSE OF ACTION
### (Unlawful Intrusion Into Private Affairs, a.k.a. Common Law Invasion of Privacy)

69.     Plaintiff realleges and incorporates the above paragraphs of this Complaint as if set forth herein.

70.     Plaintiff had a reasonable expectation of privacy when Defendants contacted her with regard to her personal financial and medical matters. Defendants unlawfully intruded in the Plaintiff's private affairs when Defendants monitored, eavesdropped onto, and/or tape recorded her telephone conversations concerning her personal financial and medical matters without her knowledge or consent.

71.     Defendants' conduct was unlawful and outrageous such that it would shock the conscience of a reasonable person.

72.     As a direct and proximate result of Defendants' outrageous and unlawful conduct, Plaintiff has suffered, and continue to suffer, damages in an amount which will be proven at trial, but which are in excess of the jurisdictional minimum of this Court.

## PLAINTIFF'S SEVENTH CAUSE OF ACTION
### (Unfair, Unlawful and Deceptive Trade Practices, Business and Professions Code § 17200, et seq.)

73.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint as if set forth herein.

74.     Within four (4) years preceding the filing of this Complaint, and at all times mentioned herein, Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade practices in California by, without limitation, the following:

a.     monitoring, listening to, tape-recording, eavesdropping and/or otherwise making unauthorized connections to the conversations that Plaintiff had with Defendants without her knowledge and consent;

b.     continuing to contact Plaintiff regarding her debt after they knew she was represented by an attorney;

c.     violating the Fair Debt Collections Practices Act, as described herein; and

d.   violating the Rosenthal Fair Debt Collections Practices Act, as described herein.

75.   Plaintiff suffered injury and lost money or property as a result of these unfair trade practices. Plaintiff specifically lost property as a result of Defendants' unfair trade practices as follows: Plaintiff lost property in conjunction with Defendants' breach of her personal privacy and/or violation of her personal privacy rights.

76.   Defendants engage in these unfair practices to increase their profits. Accordingly, Defendants have engaged in unlawful, unfair and/or deceptive trade practices, as defined and prohibited by section 17200, *et seq.* of the California Business and Professions Code.

77.   The aforementioned practices, which Defendants have used, and continue to use, to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors as well as injury to the general public.

78.   Plaintiff seeks full restitution and disgorgement of monies, as necessary and according to proof, to restore to her any and all monies acquired by Defendants from them by means of the unlawful, unfair and/or deceptive trade practices complained of herein, plus interest thereon.

79.   Plaintiff seeks a declaration that the above-described trade practices are unfair, unlawful, deceptive and/or fraudulent, and an injunction to prohibit Defendants from continuing to engage in the unfair trade practices complained of herein. Such misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that the Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future customers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which Defendants are not entitled. Plaintiff has no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

80.   As a direct and proximate result of such actions, Plaintiff has suffered and

Complaint

continues to suffer injury in fact and has lost money and/or property as a result of such deceptive, unfair and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

81.   As a direct and proximate result of such actions, Defendants have enjoyed, and continue to enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. The acts complained of herein occurred, at least in part, within four (4) years preceding the filing of this Complaint

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.   On Cause of Action Number 1, against Defendants and in favor of Plaintiff, awarding Plaintiff:

1.   Actual compensatory damages, the amount of which is to be determined at trial;

2.   Treble damages, including three (3) times the amount of any general and special damages according to proof pursuant to California Penal Code § 637.2(a)(2);

3.   Statutory damages, including damages of at least $5,000.00 or per violation and/or per recorded or monitored phone conversation, whichever is greater, pursuant to California Penal Code § 637.2(a)(1); and

4.   Injunctive relief pursuant to, without limitation, California Penal Code § 637.2(b).

B.   On Cause of Action Number 2, against Defendants and in favor of Plaintiff, awarding Plaintiff:

1.   Actual and compensatory damages as allowed under the Fair Debt Collection Practices Act;

2.   Additional damages pursuant to 15 U.S.C. § 1692k(a)(2) of at least $1,000.00 per violation and/or per recorded or monitored phone conversation, whichever is greater;

3.   For reasonable attorney's fees to Plaintiff and her counsel pursuant to 15 U.S.C. § 1692k.

C.   On Cause of Action Number 3, against Defendants and in favor of Plaintiff, awarding Plaintiff:

    1.   Actual or compensatory damages according to proof;

    2.   Statutory damages pursuant to Civil Code §1788.17, and Civil Code §1788.30; and

    3.   Costs and reasonable attorney's fees pursuant to Civil Code §1788.17 and Civil Code §1788.30.

D.   On Causes of Action Number 4 against Defendants and in favor of Plaintiff, awarding Plaintiff:

    1.   General and special damages according to proof pursuant to California Civil Code § 1708.8(e);

    2.   Treble damages up to three (3) times the amount of any general and special damages according to proof pursuant to California Civil Code § 1708.8(d);

    3.   Punitive damages pursuant to California Civil Code §§ 1708.8(d), (e); and

    4.   Injunctive relief pursuant to, without limitation, California Civil Code §§ 1708.8(h).

E.   On Cause of Action Number 5, against Defendants and in favor of Plaintiff, awarding Plaintiff:

    1.   Actual or compensatory damages according to proof; and

    2.   Punitive damages.

F.   On Cause of Action Number 6, against Defendants and in favor of Plaintiff, awarding Plaintiff:

    1.   For actual, compensatory and punitive damages according to proof;

    2.   For punitive damages

-14-

Complaint

G.  On Cause of Action Number 7, against Defendants and in favor of Plaintiff, awarding Plaintiff:

    1.  Restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*; and

    2.  Injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*

H.  On all causes of action against Defendants and in favor of Plaintiff, awarding Plaintiff:

    1.  Reasonable attorneys' fees according to proof pursuant to, without limitation, California Code of Civil Procedure § 1021.5;

    2.  Costs of suit incurred; and

    3.  Such further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:  September 10, 2013            **GUTRIDE SAFIER LLP**

                                             Adam J. Gutride, Esq.
                                           Seth A. Safier, Esq.
                                           835 Douglass Street
                                           San Francisco, California 94114

                                           Attorneys for Plaintiff

Complaint

1

**CERTIFICATE OF SERVICE**

2

I, Sharon Silva, declare:

3

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4

interested in the within entitled cause. My business address is 740 University Avenue, Suite 100,

5

Sacramento, CA 95825.

6

On October 11, 2013, I served the following document(s) on the parties in the within action:

7

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |

| | |
|---|---|
| Adam Gutride<br>Gutride Safier, LLP<br>835 Douglass Street<br>San Francisco, CA 94114 | Attorneys for<br>Plaintiff TARA WIDMER |

15

I declare under penalty of perjury under the laws of the State of California that the foregoing is

16

a true and correct statement and that this Certificate was executed on October 11, 2013.

17

By _____

18

Sharon Silva

- 3 -